IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRENCE T. COLER, 07075135, Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:08-CV-0022-N ECF |
| ARISE HOME HEALTH CARE, ET AL., Defendants. | ) ) ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties:**

Plaintiff has filed an unspecified civil complaint. At the time he filed this complaint, he was confined in the Dallas County Jail. The Court has granted him leave to proceed *in forma pauperis*. Defendants are Arise Home Healthcare, Gloria Smith and Lulu Brown.

**II. Statement of the Case:**

Plaintiff states his mother owned a home healthcare business. He argues that after her death, Defendants Smith and Brown forged documents to show that they were co-owners of the business. He states Defendants stole equipment from his mother's business and money from the business bank account. He seeks to have the business and the bank account money returned to him.

### III. Discussion

To the extent Plaintiff seeks relief under 42 U.S.C. § 1983, he has failed to state a claim. Under § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." The Fourteenth Amendment prohibits only that action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948). The Fourteenth Amendment does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

In this case, Plaintiff has failed to show or allege that Defendants Arise Home Healthcare, Gloria Smith or Lulu Brown acted under color of state law. Plaintiff's § 1983 claims should be dismissed.

Further, Plaintiff has stated no other basis for jurisdiction. Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001).

Plaintiff asserts no federal statutory or constitutional basis for this suit. His claims appear to arise under state law. Federal courts have no jurisdiction over such claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332. In this case, Plaintiff lists his address as Dallas, Texas. He also lists the Defendants' address as Dallas, Texas. Plaintiff therefore does not allege the diversity of citizenship necessary to proceed under § 1332. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (holding that "[t]he burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.").

Courts have a continuing obligation to examine the basis for jurisdiction. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may sua sponte raise the jurisdictional issue at any time. *Id*. Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Because it appears that the Court lacks subject matter jurisdiction, this action should be dismissed.

**RECOMMENDATION**

The Court recommends that complaint be dismissed with prejudice for lack of subject matter jurisdiction

Signed this 10th day of April, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).